Good morning, your honors. I'm Bob Kovacevich, the attorney for Western Management, the appellant herein, addressing the first issue of credit for Social Security taxes paid. I submit this is about as easy as it gets because the statute, 26 U.S.C. 3406 H. 10, transmutes any income tax withheld and transmutes anything else required to be withheld under the tax law to pay the, quote, employees' taxes. The last sentence says, shall be treated as if deducted and withheld under Section 3402. And the court has previously held 3402 D, tax paid by recipient, is to be credited. And it comports with the theory. If the pay-as-you-go law said we'll help the employee pay his or her taxes, and so we'll withhold from the pay. But if the employee has already paid the tax, there is no tax bill. This is not a tax on Western Management. It's helping an employee pay his tax or her tax, which has already been paid. There's no bill. It's like paying your credit card when there's nothing due. I want you to concentrate on exactly what we can consider. The case was sent back to us to consider a very narrow issue. That's correct, your honor. Under 3402 D, this court said review what was paid under 3402 D. Repeating a little bit, the statute transmutes anything paid under 3402 D, saying anything else that should have been withheld is also credited. It merely is a transmutation or engrafting, if the court will, of 3402 D, the tax paid for recipient. Congress said anything that's withheld is treated as if it were withheld income tax, including Social Security. I quote in the brief the Sandrock case where there was supposed to be interest withheld or tax withheld on interest payments. So, your honor, your court here said consider anything under 3402 D, and 3402 D says anything else to be withheld. Again, this statute transmutes anything into withheld income tax, anything else that has to be withheld. And that's why your honor's narrow ruling still applies to anything that should have been withheld. And that's why I think it's so simple, your honor. It merely says we're helping you pay whatever it is that we're supposed to withhold. You get credit if you already paid it. There's no bill left. And that's why the court said give us a credit. So it applies, again, to Social Security. But the precise terms may be, well, anyway, what the precise terms say is in all respects, is affirmed in all respects except with regard to its calculation of the amount of income tax withholding owed under 3402 A and consideration of the narrow issue of whether 3402 D provides you with any relief from the collection of those taxes. Now, what you're saying, then, is income tax, by virtue of 3402 D's transmutation, we should understand the panel to have contemplated that anything that would be treated as if it were income tax. That's right. That's right, your honor. And it's a little repetitive, but the last two lines of 3406 H-10 say an amount is deducted and withheld under this section shall be treated as if deducted and withheld under Section 3402. So that's my argument on transmutation. It engrafts all of the withheld tax. And I think the section is very clear. And it says it's the same as if it were withheld income tax. We give you the same credit if it's been paid by the recipient. That's the key argument. There's another case that Jones, before the statute was enacted, says it's frivolous to collect twice. The 28 J's that I've submitted says the government only wants to collect once. And, indeed, we're talking about a Social Security pension. So if you pay the pension twice, you get paid the pension. So it won't, but it could be negative to the government if I were able to. I'm getting Social Security, but if I were able to get more Social Security, I might get a windfall. That's a little bit of a hue. I'm not going to, but it is theoretically we're talking about can you have a greater pension than the government allows. And 3121A1 says you can't pay Social Security tax on more than the wage base. This would be a double wage base, if you will. It's merely an argument, an illustration that we're trying to get people to pay Social Security so they can have a pension. Going on to the attorneys' fees issue, the attorneys' fees, the Court held that there was no ‑‑ that we did not, Western Manic did not substantially prevail. That's the only thing the Court said. There was no discussion as to whether it was paid. It actually was. And so the only thing the Court said, which was merely a summary in the Court's opinion, it did not ‑‑ I guess I don't see how you could possibly have prevailed. Because we had ‑‑ Let me tell you, so you understand what my problem is and you can answer it or address it. In my words, the limited remand was simply to crunch numbers. There was never ‑‑ I mean, the issue of Western Management's liability for income tax withholding and for withholding liabilities was resolved in the first appeal. So all of the issues that were contested by Western Management were resolved in the appeal, and we, McDavid, limited remand to crunch the numbers to determine how much of an offset Western Management was, in effect, entitled to get on account of taxes that you personally paid. So I don't see how there was anything to prevail on. One of the other of you was going to be paying the tax. Western Management was on the hook, period, for the total amount of taxes, and always was, less the amount that you had already paid. And that amount, if I understand it correctly, could not be determined until on the same day as our prior decision, your income tax case with the government was settled. So that thereafter, the government, which never thought that a credit was due or an offset was due, the government then could figure out how much. With respect, Your Honor, you have the card before the horse. The recipient, myself, paid the income tax and filed the return. Hypothetically, if Western Management withheld $100,000 for a withheld tax in Social Security, I file my return, say, okay, I get a credit for $100,000, I've got a refund coming in of $50,000. The account is squared when the employee, myself, pays the income tax. So there can be no judgment because you know, nobody knew the amount of the income tax until our decision rendered on the same day as the Western Management decision was rendered. Because nobody knew how much income tax was due and, therefore, had been paid, and, therefore, whether there was excess in effect having been paid by you personally that could be credited toward Western Management's. The record shows that I was audited at the same time. The revenue agent knew that I had filed my returns. They were admitted in evidence long before the audit occurred. So I disagree with the court's analysis. Everybody knew that I had paid the tax long before the audit was finished because I was the only employee ever involved. If there were 200 employees, it may have been different. So they knew. And respectfully, Your Honor, we don't have to wait to determine. When the returns filed, that's the account stated. The employer, hypothetically, I'd left and I'm working for someone else. You can't say to the employer, hey, this guy, you didn't withhold enough tax five years ago. Now withhold more, I'm gone. He has no money to withhold from. So, again, trying to get zero in a little closer, everybody knew, and the card is before the horse because Western Management does no tax if there's no tax bill. And I think, Your Honor, I think you're going in the wrong direction because you're, again, respectively looking at the owing of tax, not the withholding of tax. Looking at the withholding of the tax, the withholding tax liability of Western Management was resolved adversely on appeal. And we sent it back to crunch the numbers to see how much of that tab had already been paid by you personally. Isn't that pretty much what happened? Yes, which was all paid. Yeah, and crunching the numbers showed it had been paid, but the Western Management's liability was not changed at all. It was just offset by how much you'd already paid. It had no liability, Your Honor, because there was no withholding required. The return had already been filed. The Navarro case, which did not cite, says the employee is always liable for his or her income tax. The obligation, the basic obligation is, of course, on the, quote, employee. Okay. Thank you for your explanation. And your time has now expired. I'll let you respond. I'm sorry, Your Honor. I appreciate your explanation. Thank you. Ms. Moriarty. May it please the Court. I'm Regina Moriarty, and I represent the Commissioner of Internal Revenue. I think that you recognized how narrow the scope of the remand was in this case, and it was not to go back to relitigate Social Security taxes and FICA taxes. It was only to see what relief Western Management was entitled to under Section 3402D, an issue that the government never contested throughout the proceedings, that that code section might come into play when all of the tax liabilities were finally resolved. And I think, as you correctly recognize, the liabilities for the individuals, the Kovacevichs, were not known for several reasons. One, they continued to litigate their tax deficiency, what wages were paid to Mr. Kovacevich from Western Management and other issues. And until this Court affirmed the tax court in favor of the Commissioner on that, and, in fact, until the 90-day cert time ran, those taxes were not finally determined. In addition to that, when the Kovacevichs paid, initially applied for an extension to file their return, they made a tax payment. Then when they filed a return, they made another tax payment. The Commissioner then contested that he owed even more and issued the notice of deficiency. Further down the line, I think it was in 2004, the Kovacevichs only made a deposit toward those liabilities, not a payment. So those – that's another reason why you can't say, well, as soon as I file my return, the Commissioner knows what my tax liability is. When you make a deposit, that's a very technical reason, and you're saying, I still don't owe those taxes. The tax court in this case on remand clearly only looked at the 3402D issue after the Commissioner submitted all of the information that was needed to calculate that amount. There was really nothing left to do. In fact, when this case went back to the tax court, the Commissioner prepared all of this information and sent it to Mr. Kovacevich. There was really no need to hold proceedings in the tax court. We had admitted or agreed that those amounts had finally been paid by the Kovacevichs. It could have just been a simple notation done, and that would have been the end of it. Instead, we're back up here again with Mr. Kovacevich on Western Management's behalf, continuing to argue somehow that he's not liable for the Social Security and various other payments. With that regard, the tax court correctly denied any litigation costs. As you point out, he was not the prevailing party. 3406H10 just is not applicable here. In addition to that, there's absolutely no evidence that Mr. Kovacevich ever paid any self-employment tax. When the deficiency came out against Mr. and Mr. Kovacevich, the IRS said you weren't liable for self-employment taxes because you were an employee. And when they recalculated the deficiency, any amount that Mr. Kovacevich had labeled as self-employment tax on his individual return was applied to his income tax liability because they're both subtitle A taxes, and it's commonly done. And so there has never been an amount that Mr. Kovacevich has proven was paid as a self-employment tax. So there has been no double payment. I know this goes outside of the remand because we're not even to be looking at the Social Security and FICA taxes. But I just want to let the Court know that that's the case. So why is it that I may have missed a link? The argument reading from the remand is that we set it back with the general statement, although pegged to the paragraph of the non-disposal that was talking about income taxes, says if he has any relief under 3402D. And as he points out, this transmutation argument, you don't think we get into that because he doesn't come under – well, tell me, again, why you don't think that argument works. 3406 deals with backup withholding. And it's a general provision that is backup withholding on certain types of payments, is my understanding, such as dividends, gambling winnings, non-ordinary types of wages. And if a taxpayer doesn't provide certain type of information to the person required to withhold, then certain amounts are withheld, which might be different than your typical withholding. And I think that 3406H.10, which deals with coordination of the benefits, specifically says that payments which are subject to withholding under this section, which is 3406, shall be treated as if they were wages. So it's limited to those types of backup withholdings. And it's just simply not a provision that can take any type of payment subject to withholding and say that 3402D applies. 3402D only applies to income tax withholding. You can only get credit under that provision for the place where an individual taxpayer has paid his income tax and the employer has not done the withholding. And then there would be a double payment. But that's the only case that 3402D applies. Just so I understand, so FICA and Social Security don't come under 3406? Right. The only thing that comes under 3406 is backup withholding for the income tax. If there's no further questions, I would ask the Court to affirm. I don't think so. Thank you, Ms. Marti. If you're out of time, I'll give you one short statement. Where does it say in 3406H.10 that it doesn't apply to Social Security? It applies to everything that requires to be withheld. Thank you. Okay. Counsel, thank you. Thank you very much for your argument. The matter just argued will be submitted and the Court will stand adjourned for this
judges: Fletcher, Rymer, Fisher